UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ISMAIL HASSAN,

                  Petitioner,

    v.

MIKE OBENLAND,

                  Respondent.

CASE NO. C18-0067-JCC

ORDER

This matter comes before the Court on Petitioner Ismail Hassan's objections (Dkt. No. 20) to United States Magistrate Judge James Donohue's report and recommendation (Dkt. No. 19) regarding Mr. Hassan's petition for a writ of habeas corpus (Dkt. No. 1). Having thoroughly considered the report and recommendation, Mr. Hassan's objections, and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Mr. Hassan's objections and ADOPTS Judge Donohue's report and recommendation.

## I. BACKGROUND

On the evening of August 30, 2008, Petitioner Ismail Hassan hosted a party at his apartment in Federal Way, Washington.[1] (Dkt. No. 19 at 2.) A fight broke out between Mr.

---

[1] The events underlying Mr. Hassan's conviction are taken from Judge Donohue's report and recommendation, which directly quotes from the Washington Court of Appeals' opinion on Mr. Hassan's direct appeal. (*See* Dkt. No. 19 at 2–6.) The Court expresses no conclusions as to

Hassan and one of the guests, and the guest and several others decided to leave. (*Id.*) As they exited the apartment, one of the departing guests heard Mr. Hassan tell an acquaintance to "bring the guns, bring the nine." (*Id.*) Outside, the guests got into two trucks and drove toward the apartment complex's exit. (*Id.*) As the vehicles drove away, several witnesses, including the vehicles' occupants, saw Mr. Hassan aiming a shotgun in their direction. (*Id.* at 2–3.) Witnesses then heard three or four shots, and the rear window of one of the trucks shattered. (*Id.*) No one was injured. (*Id.* at 3.) The police arrived shortly thereafter. (*Id.* at 3–4.) Several witnesses identified Mr. Hassan as the shooter, and police arrested him. (*Id.*)

Mr. Hassan was charged with two counts of assault in the first degree. (*Id.* at 4.) The case proceeded to trial, where Mr. Hassan's defense was general denial, relying on evidence that the witnesses had misidentified him as the shooter. (*Id.*) The jury, which was instructed only on the elements of first degree assault, convicted Mr. Hassan on both counts, and he was sentenced to prison. (*Id.* at 5.) Mr. Hassan appealed his conviction to the Washington Court of Appeals, which affirmed, and then to the Washington Supreme Court, which declined review. (*Id.* at 6.)

Mr. Hassan then sought relief by filing a personal restraint petition (PRP)[2] with the Washington Court of Appeals. (Dkt. Nos. 17, Ex. 9 at 20, 20 at 1–2.) He argued, in part, that his attorney at trial was ineffective for failing to request an instruction on the lesser-included offense of assault in the second degree, which has all of the elements of first degree assault except for the intent to do great bodily harm. (*Id.*) According to Mr. Hassan, the jury could have found that the State failed to prove that he acted with the intent to inflict great bodily harm on the occupants of the second vehicle.[3] (*Id.* at 2.) The Court of Appeals dismissed the PRP in an unpublished

what in fact took place on the evening in question, and need not do so to resolve the issues before it.

[2] A personal restraint petition—akin to a petition for a writ of habeas corpus—provides a mechanism for Washington prisoners to challenge their detention. *See* Wash. R. App. P. 16.3.

[3] Mr. Hassan's petition argues that the jury could have reached that conclusion because the evidence established that "the shooter fired at close range and failed to damage [the second] vehicle" and so jurors could have concluded that "he shot at persons in the car, but only with an

opinion, and Mr. Hassan appealed to the Washington Supreme Court. (Dkt. No. 17, Exs. 14, 16 at 1.) The Washington Supreme Court[4] declined to review the PRP. (*Id.*) Mr. Hassan now seeks a writ of habeas corpus from this Court, advancing a single ground for relief: "Trial counsel was ineffective for failing to offer a lesser included instruction of assault in second degree on Count II." (*Id.* at 7) (original in all caps).

Judge Donohue recommends that the Court dismiss Mr. Hassan's petition with prejudice. (Dkt. No. 19.) Judge Donohue first found that under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), this Court is bound to defer to the state court's adjudication of Mr. Hassan's claims unless it was objectively unreasonable under clearly established federal law. (Dkt. No. 19 at 7–9) (citing 28 U.S.C. § 2254(d)). Judge Donohue identified *Strickland v. Washington*, 466 U.S. 668 (1984), as the relevant federal law by which Mr. Hassan's ineffective assistance claim was to be evaluated. (*Id.* at 9.) Citing to the Washington Supreme Court's opinion on the issue, Judge Donohue found that the state court reasonably declined to grant relief on Mr. Hassan's ineffective assistance of counsel claim. (*Id.* at 15.) Specifically, the Washington Supreme Court held that Mr. Hassan had not met his burden of showing that the failure to request a lesser-included instruction was the result of incompetence, rather than a tactical choice to pursue an acquittal on the theory that Mr. Hassan was misidentified as the shooter. (*Id.* at 15.)

Judge Donohue also found that the Washington court reasonably held that Mr. Hassan failed to show that he was prejudiced from trial counsel's alleged deficiencies. (*Id.* at 15.) That is because Mr. Hassan failed to show a reasonable probability that the jury would have found him guilty of second degree, rather than first degree, assault if it had been given the lesser-included

---

intent to scare them or cause minor injury." (Dkt. Nos. 1 at 7, 20 at 2.) In his appeal to the Washington Supreme Court, however, Mr. Hassan also pointed to the testimony of a witness who heard only one shot—a fact from which he asserts that the jury could conclude that he never fired at the second vehicle. (Dkt. No. 17, Ex. 15 at 15.)

[4] The Washington Supreme Court Commissioner issued the ruling declining to review Mr. Hassan's PRP. (*See* Dkt. No. 17, Ex. 16.) For simplicity, the Court refers to that order as though it were issued by the Washington Supreme Court.

instruction. (*Id.* at 15.) Thus, Judge Donohue found that the Washington Supreme Court had reasonably applied the correct legal standard to Mr. Hassan's petition and denied it. (*Id.*)

Mr. Hassan objects to Judge Donohue's report and recommendation. (Dkt. No. 20.) Mr. Hassan's objections solely address Judge Donohue's conclusions regarding the Washington court's prejudice analysis. (*Id.* at 1–4.) Specifically, he argues that the evidence at trial was sufficient for the jury to convict him on second degree assault had they been provided that option, and that therefore the Washington court's analysis—which concluded that the jury most likely would not have done so—was unreasonable. (*Id.*) Mr. Hassan also asserts that, even if this Court does not grant the relief he requests, it should issue a certificate of appealability for his petition. (*Id.* at 4.)

## II.  DISCUSSION

### A.  Legal Standard

A state prisoner may petition for a writ of habeas corpus by arguing that he is imprisoned in violation of federal law or the United States Constitution. 28 U.S.C § 2254(a). Pursuant to AEDPA, a federal court may not grant relief unless the petitioner has exhausted all of the available state court remedies, and the state court's adjudication of his claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* § 2254(d)(1). AEDPA thus prohibits the Court from granting relief "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

A criminal defendant is guaranteed the effective assistance of counsel by the Sixth Amendment to the Constitution. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner seeking relief on the basis that his or her counsel was ineffective bears the burden of establishing two elements. *Id.* First, the petitioner must show that his attorney's allegedly ineffective acts or omissions were objectively unreasonable in light of all the circumstances. *Id.*

at 688, 690. Trial counsel's performance is afforded a strong presumption of adequacy—to overcome it, the petitioner must show that counsel's actions were not part of a sound trial strategy. *Id.* at 689. If the deficiency element is satisfied, the petitioner must also show a reasonable probability that, but for counsel's inadequate assistance, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is one that undermines confidence in the outcome of the proceeding. *Id.* The Court's review of counsel's performance is highly deferential, "and doubly deferential when it is conducted through the lens of federal habeas." *Yarborough*, 540 U.S. at 6.

## B.      Mr. Hassan's Ineffective Assistance Claim

The Washington Supreme Court,[5] in declining to review Mr. Hassan's PRP, began by correctly identifying that *Strickland*'s two-part test is the appropriate standard by which to evaluate Mr. Hassan's ineffective assistance claim. (Dkt. No. 17, Ex. 16 at 3.) Thus, for Mr. Hassan to be entitled to relief from this Court, he must show that the Washington Supreme Court's application of that standard was objectively unreasonable. *Harrington*, 562 U.S. at 88.

### 1.   Deficient Performance

The Washington Supreme Court correctly recognized that for Mr. Hassan to prevail on his claim of ineffective assistance of counsel, he must first show that his attorney's performance was objectively deficient, overcoming a strong presumption of adequacy.[6] (Dkt. No. 17, Ex. 16

---

[5] When more than one state court considers an issue raised in a habeas petition, the Court reviews only the decision of the last state court to issue a reasoned opinion on the merits of the claim. *Barker v. Fleming*, 423 F.3d 1085, 1091–92 (9th Cir. 2005). The Washington Supreme Court Commissioner declined to review Mr. Hassan's PRP in an order explaining its reasoning. (*See* Dkt. No. 17, Ex. 16.) AEDPA deference to the Commissioner's opinion is appropriate, and the Court reviews that opinion in resolving Mr. Hassan's claim. *Barker*, 423 F.3d at 1091–92.

[6] The Washington Supreme Court cited a Washington case in establishing the appropriate presumption of counsel's adequacy. (*See* Dkt No. 17, Ex. 16 at 4) (citing *State v. Hendrickson*, 917 P.2d 563 (Wash. 1996)). However, so long as a state court applies state law which is the functional equivalent of, or stricter than, the appropriate clearly established federal law, AEDPA deference is still required. *Early v. Packer*, 537 U.S. 3, 8 (2002). The Court finds *Hendrickson* is functionally equivalent to the *Strickland* standard of deference to trial counsel.

at 3–4) (citing *Strickland*, 466 U.S. at 687). The Washington Supreme Court concluded that Mr. Hassan had failed to do so. (Dkt. No. 17, Ex. 16 at 5.) Specifically, it held that Mr. Hassan failed to establish that the decision not to request a lesser-included instruction was a strategic choice to avoid undermining the defense's theory that Mr. Hassan was not the shooter—what the court referred to as an "'all or nothing' strategy seeking acquittal."[7] (*Id.*)

Mr. Hassan contends that the Washington Supreme Court's decision was objectively unreasonable because nothing in the record establishes that he pursued the "all or nothing" defense. (Dkt. No. 1 at 10.) As an initial matter, that assertion is directly contradicted by the record: Defense counsel asserted in closing arguments that witnesses misidentified Mr. Hassan as the shooter, and concluded by telling the jury that it should find "beyond a reasonable doubt Ismail Hassan *could not have been* the shooter."[8] (Dkt. No. 17, Ex. 31 at 30, 53) (emphasis added). But even in the absence of those statements, Mr. Hassan's argument misstates his burden to succeed on an ineffective assistance of counsel claim. To prevail, *he* was required to overcome the strong presumption that trial counsel's performance was reasonable—that is, Mr. Hassan was required to show that his attorney did not request a lesser-included instruction as the result of incompetence, rather than as part of a strategy to seek outright acquittal. *Strickland*, 466 U.S. at

---

[7] Under Washington law, a defendant is entitled to a lesser-included jury instruction when all the elements of the lesser-included offense are necessary elements of the charged offense, and the evidence gives rise to an inference that only the lesser-included offense was committed. *State v. Workman*, 584 P.2d 382, 585 (Wash. 1978); *State v. Fernandez-Medina*, 6 P.3d 1150, 1154 (Wash. 2000). The Court assumes, but does not decide, that Mr. Hassan would have been entitled to a lesser-included instruction had his counsel requested one.

[8] Mr. Hassan's argument that defense counsel did not pursue the misidentification theory is particularly unpersuasive in light of his own statement—a mere five pages earlier in the petition—that "[t]he defense theory was that the victims had misidentified Hassan as the shooter." (*See* Dkt. No. 1 at 5, 10.)

Further, Mr. Hassan's trial counsel submitted a declaration in support of his PRP, stating that "[a]s a general rule, I sought jury instructions that were an accurate statement of the law and which were helpful to Mr. Hassan's defense." (Dkt. No. 17, Ex. 9 at 42–43.) That statement undermines Mr. Hassan's argument that trial counsel's decision not to request a lesser-included instruction was the result of inadvertence or incompetence, rather than a strategic trial decision.

689 ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'")

The Washington Supreme Court—applying the correct *Strickland* standard of deference to trial counsel—reasonably concluded that Mr. Hassan failed to carry that burden. (Dkt. No. 17, Ex. 16 at 5.) Pursuant to AEDPA, this Court may not second-guess that decision. 28 U.S.C. § 2254(d); *Yarborough*, 540 U.S. at 6. Other than asserting that the state court should have ordered an evidentiary hearing to determine trial counsel's strategy, Mr. Hassan only conclusively states that "[t]he state court unreasonably determined that counsel was not deficient." (Dkt. No. 1 at 10.) Without some substantive argument that the Washington Supreme Court's deficiency analysis or conclusion was objectively unreasonable, this Court cannot find that Mr. Hassan is entitled to relief.

2. Prejudice

The Washington Supreme Court also concluded that Mr. Hassan failed to demonstrate a reasonable probability that the jury would have found him guilty of second degree assault, had they been offered a lesser-included instruction.[9] (Dkt. No. 17, Ex. 16.) Mr. Hassan relies on *Crace v. Herzog*, 798 F.3d 840 (9th Cir. 2015), to argue that the Washington Supreme Court's analysis was objectively unreasonable. (Dkt. No. 1 at 11.) In *Crace*, the Ninth Circuit held that where a petitioner alleges that trial counsel was ineffective for failing to request a lesser-included instruction, *Strickland* "*requires* a reviewing court to assess the likelihood that the defendant's jury would have convicted only on the lesser included offense." *Id.* at 849 (emphasis in original). That is precisely the standard the Washington Supreme Court applied in Mr. Hassan's case. The Court reviewed the evidence at trial—that the shooter fired multiple times at close range and

---

[9] As with *Strickland*'s deficiency element, the Washington Supreme Court cited a state case, *State v. Thomas*, 743 P.2d 816 (Wash. 1987), in explaining the requirement that a petitioner prove prejudice to prevail on an ineffective assistance of counsel claim. (Dkt. No. 17, Ex. 16 at 4.) The Court finds that *Thomas* is the functional equivalent of the *Strickland* prejudice element, and, therefore, that AEDPA deference is appropriate. *Early*, 537 U.S. at 8.

struck at least one of two occupied vehicles—and concluded that "it is unlikely [the jury] would have found that Mr. Hassan lacked intent to inflict great bodily harm." (Dkt. No. 17, Ex. 16 at 5–6.) Thus, the Washington Supreme Court's analysis of *Strickland*'s prejudice element was not an unreasonable application of clearly established law.

## III.    CERTIFICATE OF APPEALABILITY

When issuing a final order denying a writ of habeas corpus, the Court must determine if a certificate of appealability should issue. 28 U.S.C. § 2253. To grant a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The Supreme Court has clarified that a petitioner makes such a showing when "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Hassan has not made that showing. The relevant question before this Court—whether the Washington Supreme Court reasonably applied the appropriate constitutional law—is resolved by the text of that court's order, and no reasonable jurist could find otherwise.

## IV.    CONCLUSION

Mr. Hassan has failed to carry his burden of establishing that the Washington Supreme Court's review of his PRP resulted in an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d). Thus, Mr. Hassan's objections (Dkt. No. 20) are OVERRULED, Judge Donohue's report and recommendation (Dkt. No. 19) is ADOPTED, and Mr. Hassan's petition is DISMISSED with prejudice. No certificate of appealability shall issue.

DATED this 20th day of December 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE